# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3512
_____

United States of America

*Plaintiff - Appellee*

v.

LeRonald Loper, also known as Ronald Robinson, also known as Ronald Loper,
also known as Willie Bailey, also known as Willie Baily

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 8, 2013
Filed: May 31, 2013
[Unpublished]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

LeRonald Loper pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of attempting to interfere with commerce by threat or violence, in violation of 18 U.S.C. § 1951(a). On the

basis of Loper's prior convictions, the district court[1] determined Loper was an Armed Career Criminal under 18 U.S.C. § 924(e) and sentenced him to concurrent sentences of 210 months' imprisonment and two years' supervised release on each count. Loper appeals, arguing the district court violated his Fifth and Sixth Amendment rights. Specifically, he argues the district court erred in applying § 924(e) because the government failed to charge his prior convictions in the present indictment and because the facts of his prior convictions were not proved to a jury beyond a reasonable doubt in the present case.

As Loper acknowledges, our precedent precludes his argument on appeal. We previously recognized that under Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), prior convictions used for the purpose of sentencing enhancements need not be charged in the indictment nor proved to a jury beyond a reasonable doubt. United States v. Campbell, 270 F.3d 702, 707–08 (8th Cir. 2001). Further, we have specifically held that neither Apprendi v. New Jersey, 530 U.S. 466 (2000), nor Shepard v. United States, 544 U.S. 13 (2005), changed this rule. See Campbell, 270 F.3d at 708 ("It is the law in this circuit, until the Supreme Court chooses to revisit the question of recidivism statutes, that Apprendi does not require the 'fact' of prior convictions to be pled and proved to a jury."); United States v. Johnson, 408 F.3d 535, 540 (8th Cir. 2005) ("The Supreme Court has never overruled its decision in Almendarez-Torres, and Shepard did not alter the rule . . . .").

We are bound by the decisions of prior panels. See United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997). Therefore, we affirm the judgment of the district court.

_____

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.